UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **GERALD YOUNG**<br>    **DOC #78228** | **CIVIL ACTION NO. 11-1417-LC** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **OFFICE OF CHILD SAFETY, ET AL** | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Gerald Young on August 1, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is housed in the Calcasieu Correction Center (CCC), Lake Charles, Louisiana. Plaintiff alleges that his constitutional rights were violated in the investigation, his arrest, and his imprisonment on charges of molestation of a juvenile. He names the following as defendants herein: Office of Child Safety (OCS) social workers Robin Doxy and Kris (a/k/a Chris) McCown; 14th Judicial District Judge G. Michael Canaday; "District Attorney;" and, sex offender assessment administrator Mike Monic.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff's original complaint was insufficient in several aspects; accordingly, on January 23, 2012, this court issued a memorandum order [Doc. 9] instructing plaintiff to amend his complaint. Plaintiff filed several amended complaints/exhibits. Docs. 11, 12, 14, & 15.

The documents filed by plaintiff show that on November 21, 2010, police were dispatched to plaintiff's home regarding allegations of child abuse. Defendant Doxy was also notified and responded. She photographed injuries on one of plaintiff's children. The Department of Children and Family Services removed all three of plaintiff's children from his custody. Doc. 11-1, p. 58. Doxy subsequently spoke with several of the involved parties, including the plaintiff. Doc. 11-1, pp. 65-66. On December 9, 2010, one of the detectives working on the case received a report from defendant Doxy. According to Doxy, one of plaintiff's children made allegations of sexual abuse against him. Doc. 11-1, p. 60. On December 10, 2010, Doxy monitored a Children's Advocacy Center interview with the child in question.

On May 4, 2011, the Lake Charles Police Department sent an offense report to the District Attorney's office regarding the charges of cruelty to a juvenile and molestation of a juvenile against plaintiff. Doc. 11-1, p. 63. Plaintiff completed a domestic violence offender program intake on December 20, 2010. Plaintiff also completed his OAD assessment on March 15, 2011, and was referred to the Lake Charles Behavioral Health Center. Plaintiff completed his sex offender's assessment with defendant Monic on May 4, 2011. Doc. 11-1, p. 10. On May 20, 2011, plaintiff was arrested for one count of cruelty to juveniles and three counts of direct contempt of court. On August 18, 2011, a Grand Jury in Calcasieu Parish, Louisiana, returned a True Bill charging plaintiff with molestation of a juvenile. Doc. 11-1, p. 41. It appears that plaintiff is still awaiting trial on this matter.

Plaintiff's claims stem from his allegation that defendant Doxy did not do a complete investigation prior to filing allegations of wrong doing against him. More specifically, he states that Doxy believed what was said about him by his girlfriend (Ms. Alexander) and that he was put in jail based on word of mouth. He states that Doxy lied to the district attorney, telling the

D.A. that he was a monster to his children.  Plaintiff claims that defendant McCown took his visitation rights away before plaintiff went to court and that the defendants paid off defendant Mike Monica to file a report terminating plaintiff's visitation rights.  Plaintiff also complains that defendants made false statements and tampered with evidence in regard to defendant Doxy's improper investigation done on November 11, 2010.   Plaintiff further states that defendant Canaday violated his Eighth Amendment rights, and that defendants McCown and Monic made false accusations against him in order to have him falsely imprisoned. Doc. 15, p. 3.  Plaintiff also complains about the four felony bonds that were set against him, totaling approximately $355, 000.00.  In this regard, he alleges that Judge Canaday supports the other defendants' wrong-doing in order to set high bonds.

As relief for the above, plaintiff seeks to have all charges against him dropped and removed from his record.  He also seeks immediate release, custody of his children, and damages for pain and suffering in the amount of $355, 000.00.  Doc. 15, p. 7.

*Law and Analysis*

1. *Frivolity Review*

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).  A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

---

[1] A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

### 2.  42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.

In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

### 3. *Improper Defendants*

#### A. *DA/Prosecutor*

Plaintiff's claims against an unnamed DA/Prosecutor must fail as such individuals enjoy an absolute immunity from suit. "Absolute immunity applies to activities, not offices." *Bryan v. City of Madison, Mississippi*, 213 F.3d 267, 271 (5th Cir. 2000). Prosecutors enjoy absolute immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976). The prosecutor is immune from civil suit "in initiating a prosecution and in presenting the State's case." *Id.* "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Kerr v. Lyford*, 171 F.3d 330, 337 (5th Cir.1999) (internal quotation and citation omitted).

Plaintiff's claims against the DA herein clearly revolve around the prosecution of the claims against plaintiff, which conduct is precisely the type of action protected by the absolute immunity umbrella afforded prosecutors. See, *Imbler*, at 431.

#### B. *Judge Canady*

Plaintiff's claims against Judges Canady are likewise barred by immunity. Judges have absolute immunity for acts done within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The Fifth Circuit has delineated three elements to identify acts as being judicial in nature, and thus not in the clear absence of all jurisdiction: "(1) normal judicial functions that (2) occurred in the judge's court or chambers and were (3) centered around a case pending before the judge." *Eitel v. Holland*, 787 F.2d 995, 998 (5th Cir.1986). These factors are construed liberally in favor of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985).

Even liberally construing plaintiff's complaint, none of plaintiff's allegations demonstrate that any of the judge's actions occurred outside of his chambers or the court, or that the actions did not arise out of the performance of his judicial duties.  Thus, according to *Eitel*, the judge's actions were within his jurisdiction and he enjoys absolute immunity from plaintiff's claims.

Plaintiff's claim for damages against Judge Canady must be dismissed pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2).

### C. *Sex Offender Assessment Administrator Mike Monic*

Further, plaintiff's claims against Mike Monic must fail.  It appears that plaintiff was ordered to submit to an evaluation by defendant Monic (Doc. 11-1, p. 10) and that Monic was acting "under color of law" in performing official functions in the judicial process.  As such, Monic is entitled to immunity in regard to his role in evaluating the plaintiff.  See *Myers v. Morris*, 810 F.2d 1437, 1466 (8th Cir.1987), abrogated on other grounds, *Burns v. Reed*, 500 U.S. 478, 496, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (court appointed social worker/therapist who was not a licensed "physician, psychiatrist, or psychologist" who provided therapy and an examination of a minor child in child sexual abuse case); *S.T.J. v. P.M.*, 556 So.2d 244, 247 (La.Ct.App.1990) (psychologists appointed to aid in resolving custody dispute performed quasi-judicial function entitling them to absolute immunity); *Parker v. Dodgion*, 971 P.2d 496, 499 (Utah 1998) (psychologist appointed as evaluator in custody dispute entitled to immunity from suit).

### 4. *Habeas and Malicious Prosecution Claims*

As stated to plaintiff in this court's memorandum order (Doc. 9), his attempt to have the charges against him dismissed and to have his record expunged must fail.

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his

-6-

claim through an application for writ of habeas corpus. See *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." *Serio v. Members of the La. State Bd. of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987)(citing *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir.1976), adhered to en banc, 550 F.2d 342 (1977)). Plaintiff's claim clearly falls within the strictures of this guideline and must be brought through a habeas proceeding after he has exhausted all available state remedies. See 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983).

Likewise, plaintiff was also advised that his claim for malicious prosecution was not cognizable under the Constitution. The Fifth Circuit has held that "'malicious prosecution' standing alone is no violation of the United States Constitution" and that no "freestanding constitutional right to be free from malicious prosecution exists." *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2004).

5. *Remaining Defendants – OCS social workers Doxy and McCown and <u>Heck</u> Considerations*

Plaintiff's § 1983 claim against the OCS workers is based on the allegation that defendant Doxy conducted an improper child sexual abuse investigation and that defendant McCown violated his constitutional rights in the matters of family life by interfering with his custody of his minor children.

The Fifth Circuit has held that child care workers are entitled to qualified immunity in the performance of discretionary, nonprosecutorial functions. *Doe v. Louisiana*, 2 F.3d 1412, 1416 (5th Cir.1993). To determine whether an individual child care worker is protected by qualified

immunity, courts generally must consider (1) whether the plaintiff has alleged a violation of a clearly established constitutional right and (2) whether the defendants' conduct was objectively reasonable. See *Kiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir.1995).

It is well established that, as a general rule, the Fourteenth Amendment protects a parent's right to the care, custody, control, and management of their children from governmental interference. *Wooley v. City of Baton Rouge,* 211 F.3d 913, 920-921 (citing *Stanley v. Illinois*, 405 U.S. 645 (1972)). This right, however, is not absolute, and "must be balanced against the state's interest in protecting the health, safety, and welfare of children." *Id*. at 924; see also *Morris v. Dearborne*, 181 F.3d 657, 669 (5th Cir.1999) (explaining the state may separate a child from his parents in cases of abuse or neglect). Thus, cases "claiming governmental interference with the right of family integrity are properly analyzed by placing them, on a case by case basis, along a continuum between the state's clear interest in protecting children and a family's clear interest in privacy." *Morris*, 181 F.3d at 671.

As previously stated, in *Doe* and *Kiser* as well as *Hodorowski v. Ray*, 844 F.2d 1210 (5th Cir.1988), the Fifth Circuit determined that social workers are entitled to qualified immunity for actions taken during investigations regarding allegations of child abuse. See also *Morris*, 181 F.3d at 669 (clarifying scope of qualified immunity in child protection cases). In *Hodorowski*, child welfare officers temporarily removed two children from their parents' home without a prior court order after having received information that the children were being sexually abused. The court held that the social workers were entitled to qualified immunity to ensure the effectiveness of child-abuse investigations. *Hodorowski*, 844 F.2d at 1216. The court further held that reasonable officials would not have known "that their conduct in removing [the children] from the home violated the nebulous right of family integrity." *Id*. at 1217; see also *Kiser*, 67 F.3d at 1173 (finding a substantive due process right to family integrity, but stating "the contours of that

right are not well-defined, and continue to be nebulous, especially in the context of a state's taking temporary custody of a child during an investigation of possible parental abuse"); *Doe v. State of La.*, 2 F.3d at 1418 (determining social workers were entitled to qualified immunity because the court could not conclude their conduct violated the "nebulous" right to family integrity). More recently, the Fifth Circuit explained that the right to family integrity "may properly be categorized as nebulous" when the facts of a case involve the power of child welfare employees to take temporary custody of children about whom they have received reports of abuse. *Morris*, 181 F.3d at 671.

Defendants Doxy and McCown may be entitled to qualified immunity; however, that issue is not one that can be decided by the court at this time. Rather, if theaw defendants are subject to suit, plaintiff must first overcome the barring of his claims under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87,114 S.Ct. 2364,129 L.Ed.2d 383 (1994). Under *Heck*, a court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus* under 28 U.S.C. § 2254. *Id.*, 512 U.S. at 486-87. *Heck* requires the district court to consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* *Heck* also applies to proceedings which call into question the revocation of an offender's probation. *Jackson v. Vannoy*, 49 F.3d 175 (5th Cir.1995).

In the present case, it appears that a judgment in favor of plaintiff herein on any of his civil rights claims would necessarily imply the invalidity of his conviction which, according to plaintiff, was based upon the prejudicial actions of the defendants. However, the documentation in this matter indicates that plaintiff's criminal prosecution remains pending. This is significant as *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions. Thus, once the underlying criminal action is determined, *Heck* may or may not be applicable to the proceedings complained of herein.

Simply put, plaintiff's claims are not cognizable under § 1983 at this time. Therefore, it is recommended that the court dismiss this matter without prejudice to plaintiff's right to refile when and if he is acquitted or, if convicted, can show that his conviction has been invalidated, reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus.

Based on the foregoing,

IT IS RECOMMENDED THAT plaintiff's claims against District Judge G. Michael Canaday; "District Attorney;" and, sex offender assessment administrator Mike Monic herein be DISMISSED WITH PREJUDICE as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from suit pursuant to the provisions of 28 U.S.C.1915(e)(2)(B) and 28 U.S.C.1915A(b)(1).

IT IS ALSO RECOMMENDED that plaintiff's claims against Robin Doxy and Kris (a/k/a Chris) McCown be DISMISSED **WITHOUT PREJUDICE** to plaintiff's right to reopen this suit when and if the above *Heck* conditions are met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE this 14th day of December, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE